IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ALEJANDRO M. RAMIREZ,

    Plaintiff,

  v.

RIGHT-AWAY MORTGAGE, INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., THE BANK OF NEW YORK MELLON as successor indenture trustee under Novastar Mortgage Funding Trust, Series 2006-1 by Saxon Mortgage Services, Inc., as attorney in fact, NOVASTAR MORTGAGE, INC., and SAXON MORTGAGE SERVICES, INC.,

    Defendants.

No. C 11-01839 WHA

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

**INTRODUCTION**

In this foreclosure dispute, defendants move to dismiss the complaint for failure to state a claim pursuant to FRCP 12(b)(6). The motion is **GRANTED**.

**STATEMENT**

Plaintiff Alejandro Ramirez's claims arise out of the foreclosure and sale of his residence by Quality Loan Service Corporation to Bank of New York Mellon. Plaintiff attempts to invalidate the foreclosure.

The relevant facts are as follows: on November 2, 2005, in order to purchase the real property located at 689 34th Street, in Oakland, plaintiff executed a promissory note, secured by

a deed of trust, in the amount of $388,800 (RJN Exh. 1). The deed of trust identifies the originating lender as Right-Away Mortgage, Inc., the trustee as Old Republic Title Company, and the beneficiary as Mortgage Electronic Registration Systems, Inc., as nominee for Right-Away. MERS, as nominee for Right-Away, subsequently assigned all beneficial interest under the deed of trust to defendant Bank of New York Mellon, which later substituted Quality Loan Service Corporation as successor trustee (RJN Exhs. 3–4).

In August 2009, due to plaintiff's default on the loan in the amount of $17,738.89, Quality Loan Service Corporation recorded a notice of default (RJN Exh. 2). In January 2011, Quality Loan Service Corporation recorded a notice of trustee's sale, setting a foreclosure sale date of February 14 (RJN Exh. 5). The foreclosure sale was completed as scheduled, and the property was sold to Bank of New York Mellon as the highest bidder; the trustee's deed upon sale was recorded on February 18. The amount of the unpaid debt and costs at the time of sale of the property was $431,248.39 (RJN Exh. 6).[*] On February 22, plaintiff filed a complaint in Alameda County Superior Court alleging: (1) fraud, (2) cancellation of voidable contract, (3) to set aside trustee's sale, (4) to void or cancel trustee's deed upon sale, (5) to void or cancel assignment of deed of trust, (6) wrongful foreclosure, (7) breach of the implied covenant of good faith and fair dealing, (8) unjust enrichment, (9) violation of California Business and Professions Code Section 17200 *et seq.*, (10) quiet title, and (11) slander of title. On April 15, defendants removed this action to federal court.

Defendants now move to dismiss the complaint for failure to state a claim under FRCP 12(b)(6) (Dkt. No. 5). Although he missed his initial deadline, plaintiff filed an opposition to the motion (Dkt. No. 21). Defendants did not reply.

---

[*] Defendants request that judicial notice be taken of documents pertaining to the foreclosure history just reviewed. Defendants' request is **GRANTED**, as the contents of these documents are "not subject to reasonable dispute" in that they are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FRE 201.

2

**ANALYSIS**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. FRCP 12(b)(6); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim is facially plausible when there are sufficient factual allegations to draw a reasonable inference that the defendants are liable for the misconduct alleged. While a court "must take all of the factual allegations in the complaint as true," it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1949–50 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) (citation omitted).

Plaintiff's complaint rests entirely on conclusory statements. It is devoid of any factual allegations that could state a claim for relief against defendants.

*First*, plaintiff's claim of fraud, without any factual allegations pertaining to "'the who, what, when, where, and how' of the misconduct charged," *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003), does not serve to give defendants notice of the specific fraudulent conduct against which they must defend. *See Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001). Plaintiff's claim of violation of California Business and Professions Code Section 17200 *et seq.*, suffers the same inadequacies, in that plaintiff fails to state any details of any alleged "unlawful, unfair or fraudulent business act or practice" or "unfair, deceptive, untrue or misleading advertising" by defendants.

*Second*, as defendants had authority to foreclose as the beneficiaries and trustees under the deed of trust, plaintiff's claims for cancellation of voidable contract, to set aside trustee's sale, to void or cancel trustee's deed upon sale, and to void or cancel assignment of deed of trust — which are based on a theory that there was no right to foreclose — must fail. California Civil Code Section 2924 allows "the trustee, mortgagee, or beneficiary" to file and record a notice of default and begin the foreclosure process. In addition, California Civil Code Section

2934 authorizes the beneficiary to substitute the trustee. When MERS assigned to defendant Bank of New York Mellon as beneficiary, Bank of New York Mellon gained the authority to substitute Quality Loan Service Corporation as trustee. Thus, defendant Quality Loan Service Corporation was authorized to initiate the foreclosure sale as trustee for beneficiary Bank of New York Mellon.

*Third*, to the extent plaintiff's claims are based on alleged violation of California Civil Code Sections 2923.5 and 29223.6, plaintiff is not entitled to any remedy under those code sections as the property has already been foreclosed upon. "There is nothing in section 2923.5 that even hints that noncompliance with the statute would cause any cloud on title after an otherwise properly conducted foreclosure sale. . . . [T]he *only* remedy provided is a postponement of the sale before it happens." And: "Readers will note . . . the conspicuously absence of any actual duties imposed on anybody in [Section 2923.6]." *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 222 n.9 and 235 (2010).

*Fourth*, plaintiff alleges that MERS was not authorized to conduct business in California and therefore could not execute a valid assignment of the deed of trust. A foreign corporation is required to obtain a certificate of qualification from the Secretary of State before it "transact[s] intrastate business," except, among other things, when engaging in the activity of "[c]reating evidences of debt or mortgages, liens or security interests on real or personal property," or by "[t]he ownership of any loans and the enforcement of any loans by trustee's sale, judicial process or deed in lieu of foreclosure or otherwise." CAL. CORP. CODE §§ 2105 and 191(c)(7), (d)(3). As that is the type of activity at issue in the complaint, plaintiff cannot succeed in the claims asserted based on an allegation that defendant was barred from conducting business in California.

*Fifth*, plaintiff's claim for wrongful foreclosure is based in part on the theory that defendants were required to be in possession of the note to initiate foreclosure. Not so. Under Section 2924, production of the original note is not a requirement to proceed with a non-judicial foreclosure. *See* CAL. CIV. CODE § 2924(a)(1). Rather, "[t]he foreclosure process is

4

commenced by the recording of a notice of default and election to sell by the trustee." *Moeller v. Lien*, 25 Cal. App. 4th 822, 830 (1994).

*Sixth*, as a general rule, every contract imposes upon each party a duty of good faith and fair dealing in its performance and enforcement. "[A]bsent those limited cases where a breach of a consensual contract term is not claimed or alleged, the only justification for asserting a separate cause of action for breach of the implied covenant is to obtain a tort recovery." *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1395 (1990). Here, breach of contract is not alleged, and any potential predicate tort claims fail to state a claim on which relief could be granted. As no facts are pled to support such claim, plaintiff's claim for breach of the implied covenant of good faith and fair dealing fails.

*Seventh*, unjust enrichment, also known as restitution, is not a theory of recovery but is instead a result thereof. *Jogani v. Superior Court*, 165 Cal. App. 4th 901, 911 (2008). And, again, because plaintiff has pled no facts and each predicate claim fails, so too here.

*Eighth*, the purpose of a quiet title action is to establish one's title against adverse claims to real property or any interest therein. "[A] mortgagor of real property cannot, without paying his debt, quiet his title against the mortgagee." *Miller v. Provost*, 26 Cal. App. 4th 1703, 1707 (1994). The complaint states that plaintiff is "willing to tender the amount received subject to equitable adjustment" (Compl. ¶ 88). This is *not* "an offer to pay the *full* amount of the debt for which the property was security," which is required. *Arnolds Mgmt. Corp. v. Eischen*, 158 Cal. App. 3d 575, 578–79 (1984) (emphasis added). Moreover, in opposition to the instant motion, plaintiff did not address whether and how he would pay the $431,248.39 owing on the property, when this flaw was explicitly raised by defendants' motion. The complaint fails to adequately allege compliance with this requirement, which is fatal to the quiet title claim.

*Ninth*, plaintiff claims slander of title for recording a notice of default against the property. Slander of title is "a tortious injury to property resulting from *unprivileged*, false, malicious publication of disparaging statements regarding the title to property owned by plaintiff, to plaintiff's damage." *Southcott v. Pioneer Title Co.*, 203 Cal. App. 2d 673, 676

(1962) (emphasis added).  California Civil Code Section 2924(d) explicitly states that notice requirements of non-judicial foreclosure sales are privileged communications.  *See Kachlon v. Markowitz*, 168 Cal. App. 4th 316, 333 (2008).  And, again, no facts are pled that would support this claim otherwise.  Here too, plaintiff's claim for slander of title fails.

Plaintiff's opposition to the instant motion does not address any of these problems with the claims in the complaint or refute the grounds for their dismissal.

**CONCLUSION**

For the foregoing reasons, defendants' motion to dismiss is **GRANTED**.

Plaintiff may seek leave to amend complaint and shall have **21 CALENDAR DAYS** from the date of this order to file a motion, noticed on the normal 35-day calendar, for leave to file an amended complaint.  A proposed amended complaint must be appended to the motion, and the motion should clearly explain how the amendments to the complaint cure the deficiencies identified by this order.  If plaintiff does not file such motion, this case will be closed.

**IT IS SO ORDERED.**

Dated:  August 11, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE